Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2945 | **DATE** | 2/29/2012 |
| **CASE TITLE** | Adam Smith vs. Sgt Preston, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, defendants' motion to dismiss Counts II, III and IV [23] is granted. Status hearing reset to 03/13/12 at 9:00 a.m. Status hearing set for 04/04/12 is stricken.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This matter is before the court on Defendants' motion to dismiss Counts II, III, and IV. On December 7, 2009, Plaintiff Adam Smith (Smith) allegedly got into an argument with the mother of his son. After the argument, Smith allegedly went to his room, shut the door to his room, and went to sleep. Defendant Officers allegedly entered Smith's dwelling, opened his bedroom door, and shot him with rubber bullets, waking him up. Smith contends that he was then handcuffed and taken outside, where he was allegedly thrown to the ground and repeatedly tasered. Smith includes in his second amended complaint claims brought pursuant to 42 U.S.C. § 1983 (Section 1983) alleging excessive force (Count I), intentional infliction of emotional distress (IIED) claims (Count II), a Section 1983 *Monell* claim (Count III), and an indemnity claim (Count IV). Defendants now move to dismiss the claims brought in Counts II, III, and the indemnity claim in Count IV as it relates to the state law claims.

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir.

| STATEMENT |
|---|

2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The court gave Smith until January 20, 2011, to respond to the instant motion, and Smith has not filed a response opposing Defendants' arguments. Defendants argue that the IIED claims are barred by the applicable statute of limitations. The statute of limitations for an IIED claim is one year. 745 ILCS 10/8-101. Smith alleges in the second amended complaint that the incident in question occurred on December 7, 2009. Smith did not raise the IIED claims until he filed his first amended complaint on August 23, 2011. Thus, the IIED claims are untimely. Nor has Smith pointed to any facts that would warrant the application of equitable tolling doctrines. *See Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 550-51 (7th Cir. 1990)(explaining the equitable tolling doctrines). Therefore, Defendants' motion to dismiss the IIED claims (Count II) is granted.

Defendants also argue that the indemnification claim (Count IV) must be dismissed since the IIED claims are untimely. Pursuant to 745 ILCS 10/9-102, a local public entity may be required to indemnify a law enforcement officer. *Id.* However, an indemnification claim must be premised upon an underlying claim brought against the officer, and the indemnification is only applicable if the plaintiff succeeds in his claim against the officer. *See, e.g, Askew v. Sheriff of Cook County, Ill.*, 568 F.3d 632, 636-37 (7th Cir. 2009). Therefore, Defendants' motion to dismiss the indemnification claim in Count IV as it relates to the state law claims is granted.

Defendants also contend that Smith has not pled sufficient facts to state a valid *Monell* claim. A local governmental entity can only be held liable for an unconstitutional act "if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook County Sheriff"s Dept.*, 604 F.3d 293, 303 (7th Cir. 2010). Defendants argue that Smith has not pled facts that would suggest a policy, practice, or custom that could support a *Monell* claim or facts that would indicate that someone with policymaking authority caused a constitutional deprivation. Smith has merely provided general allegations as to certain policies and practices,

| STATEMENT |
|---|
| and has not identified any policy, practice, or custom that can support a *Monell* claim. Therefore, Defendants motion to dismiss the *Monell* claim (Count III) is granted. |